IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

1. KELLY RATZLAFF BORDEN,   )
                            )
    Plaintiff,              )
                            )
v.                          )   Case No. CIV-20-1275-PRW
                            )
1. THE GEO GROUP, INC.,     )
                            )   **JURY TRIAL DEMANDED**
    Defendant.              )   **ATTORNEY LIEN CLAIMED**

## COMPLAINT

Plaintiff Kelly Ratzlaff Borden, through her counsel of record, Stockton Talbert, files this Complaint against Defendant The GEO Group, Inc.

## The Parties

1. Plaintiff Kelly Ratzlaff Borden ("**Ratzlaff**") is a former employee of Defendant who resides in Caddo County, Oklahoma.

2. Defendant The GEO Group, Inc. ("**GEO**") is a foreign for-profit business corporation incorporated under the laws of the state of Florida doing business in Caddo County, Oklahoma.

## Jurisdiction & Venue

3. This civil action arises out of Ratzlaff's former employment and is based on discrimination, failure to accommodate, and retaliation claims under the Americans with Disabilities Act of 1991 ("**ADA**"), as amended by the ADA

Amendments Act of 2008, 42 U.S. C. § 12101, *et seq.*, and the Federal Rehabilitation Act, 29 U.S.C. § 794, *et. seq*.

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 12117(a), and/or 29 U.S.C. § 794a.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b).

6. GEO conducts business in and can be served in Caddo County, Oklahoma, the unlawful employment practices complained of occurred in or around Caddo County, and Caddo County is in the judicial district for the United States District Court for the Western District of Oklahoma.

7. Ratzlaff exhausted her administrative remedies with the Equal Employment Opportunity Commission ("**EEOC**").

8. Ratzlaff submitted a Charge of Discrimination to the EEOC on or about February 4, 2020, which was assigned EEOC Charge No. 564-2019-00555.

9. The EEOC issued Ratzlaff a Dismissal and Notice of Rights letter dated on or about September 24, 2020.

10. Ratzlaff files this Complaint within ninety (90) days of the date of the EEOC's Dismissal and Notice of Rights letter.

11. All conditions precedent to filing this action have occurred or have been performed.

## Statement of the Claim

12. Ratzlaff was employed by GEO from on or about October 29, 2019, until her discharge on or about January 25, 2020.

13. GEO owns and operates the Great Plains Correctional Facility in Hinton, Oklahoma, where Ratzlaff worked in the food service department.

14. GEO receives federal financial assistance, upon information and belief.

15. Ratzlaff was qualified for her position.

16. Ratzlaff performed her job duties satisfactorily throughout her employment.

17. Ratzlaff is a brittle diabetic, which requires her to carry her glucometer, insulin, and insulin syringes to regulate her medical condition.

18. GEO discriminated against, failed to accommodate, and retaliated against Ratzlaff because of her disability, ultimately resulting in her wrongful discharge on or about January 25, 2020.

19. Shortly after beginning her employment with GEO, Ratzlaff informed the Human Resources Director that she needed to bring in her medical supplies in the facility as an accommodation.

20. GEO denied Ratzlaff's request for accommodation.

21. GEO refused to grant Ratzlaff immediate access to her medical supplies and told her that she would receive extra breaks instead.

22. GEO did not provide Ratzlaff extra breaks during her employment.

23. GEO did not grant Ratzlaff an accommodation during her employment.

24. Ratzlaff obtained and submitted a note from her doctor to GEO regarding her need to bring medical supplies to work for her diabetes.

25. On or about January 19, 2020, GEO again told Ratzlaff she could not enter the facility with her medical supplies.

26. Other employees could bring medical supplies into work as an accommodation, upon information and belief.

27. When Ratzlaff's supervisor spoke with her about the issue, her supervisor did not know that Ratzlaff was diabetic.

28. GEO did not inform Ratzlaff's supervisor about her request for an accommodation.

29. By refusing to accommodate her disability, GEO placed Ratzlaff's health and safety at risk, causing her to need immediate, emergency leave.

30. Ratzlaff called both corporate and regional human resource numbers to discuss her disability and requested accommodation prior to her discharge.

31. Ratzlaff was accused of leaving work when she "walked out due to medical reasons," but was told she could speak with the warden, who could approve her request for an accommodation.

32. On or about January 25, 2020, Ratzlaff requested a meeting with the warden.

33. In response, the Human Resources Director said the warden "does not have time for you" and referred to Ratzlaff's request for accommodation a "silly process."

34. Ratzlaff was discharged the same day.

35. GEO's discharge was discriminatory, retaliatory, and was based on pretextual reasons.

36. Ratzlaff has suffered damages because of GEO's unlawful conduct.

### Claim 1: Disability Discrimination

37. GEO discriminated against Ratzlaff in violation of the ADA and Rehabilitation Act when it discharged her on or about January 25, 2020 because of her disability and/or to avoid accommodating her disability.

38. Ratzlaff is a qualified individual with a disability under the ADA because she is disabled, has a record of a disability, and/or was perceived as disabled by GEO.

39. Ratzlaff is substantially limited in one or more major life activities because of her diabetes.

40. Ratzlaff was qualified for her position in the food service department because she could perform the essential functions of her job with or without reasonable accommodations.

41. Ratzlaff was treated differently than other similarly situated employees, upon information and belief.

42. Ratzlaff has suffered damages because of GEO's conduct, including lost wages (past and future), emotional distress damages, and other actual or reasonable damages.

43. Ratzlaff is entitled to punitive damages because GEO's unlawful conduct was intentional, willful, wanton, or in reckless disregard of her rights.

44. Ratzlaff also seeks her attorney's fees, costs, prejudgment interest, post-judgment interest, and all other relief allowed by law or equity.

## Claim 2: Failure to Accommodate

45. GEO discriminated against Ratzlaff in violation of the ADA and Rehabilitation Act when it failed to accommodate her disability.

46. Ratzlaff notified GEO that she was disabled before or during her employment.

47. GEO perceived Ratzlaff as disabled.

48. GEO's internal documents recorded Ratzlaff as disabled.

49. Ratzlaff sought reasonable accommodations from GEO prior to her discharge.

50. GEO did not grant Ratzlaff an accommodation for a disability during her employment.

51. GEO could have reasonably accommodated Ratzlaff's disability

without imposing an undue burden on its business operations by allowing her to bring her medical supplies to work.

52. GEO could have reasonably accommodated Ratzlaff's disability without imposing an undue burden on its business operations by allowing her to take extra breaks.

53. Ratzlaff has suffered damages because of GEO's conduct, including lost wages (past and future), emotional distress damages, and other actual or reasonable damages.

54. Ratzlaff is entitled to punitive damages because GEO's unlawful conduct was intentional, willful, wanton, or in reckless disregard of her rights.

55. Ratzlaff also seeks her attorney's fees, costs, prejudgment interest, post-judgment interest, and all other relief allowed by law or equity.

### Claim 3: Retaliation

56. GEO retaliated against Ratzlaff in violation of the ADA and Rehabilitation Act by discharging her on or about January 25, 2020.

57. Ratzlaff engaged in protected activity before her discharge.

58. Ratzlaff suffered an adverse employment action when she was discharged.

59. Ratzlaff was discharged after requesting a reasonable accommodation.

60. Ratzlaff was discharged after she called GEO's corporate and

regional human resource numbers to discuss her disability and requested accommodation.

61.   Ratzlaff has suffered damages because of GEO's conduct, including lost wages (past and future), emotional distress damages, and other actual or reasonable damages.

62.   Ratzlaff is entitled to punitive damages because GEO's unlawful conduct was intentional, willful, wanton, or in reckless disregard of her rights.

63.   Ratzlaff also seeks her attorney's fees, costs, prejudgment interest, post-judgment interest, and all other relief allowed by law or equity.

**WHEREFORE**, Plaintiff Kelly Ratzlaff Borden requests the Court enter judgment in her favor against Defendant The GEO Group, Inc. and award her actual damages, back pay, front pay, emotional distress damages, punitive damages, attorney's fees, costs, prejudgment interest, post-judgment interest, and all other relief allow by law or equity.

Respectfully submitted,

**KELLY RATZLAFF BORDEN**,
Plaintiff, by and through:

_____
Joshua Stockton, OBA # 21833
Laura Talbert, OBA # 32670
**STOCKTON TALBERT, PLLC**
1127 NW 14th Street
Oklahoma City, OK 73106
Phone: (405) 225.1200
Email: jstockton@stocktontalbert.com
**ATTORNEYS FOR PLAINTIFF**